**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | : | C.A. No. 1:10-cv-00678-HHK |
| Plaintiff, | : | Hon. Henry H. Kennedy |
| v. | : | |
| PATRIOT-BSP CITY CENTER II, LLC, PATRIOT-BSP CITY CENTER III, LLC, and PATRIOT-BSP CITY CENTER IV, LLC c/o Patriot Equities, LP 1200 Liberty Ridge Drive, Suite 115 Wayne, Pennsylvania 19087, | : | |
| Defendants. | : | |

## MOTION TO DISMISS DUE TO LACK OF SUBJECT MATTER JURISDICTION

Defendants Patriot-BSP City Center II, LLC, Patriot-BSP City Center III, LLC, and Patriot-BSP City Center IV, LLC, through undersigned counsel, hereby move pursuant to Fed.R.Civ.P. 12(b)(1) for an Order in the form submitted herewith dismissing plaintiff's Verified Complaint and Petition for Appointment of a Receiver. The bases for this motion are set forth in the Statement of Points and Authorities filed herewith.

Respectfully submitted,

**KASS, MITEK & KASS, PLLC**

BY: /s/ Benny L. Kass
Benny L. Kass, Esq. (D.C. Bar No. 025155)
1050 Seventeenth Street, N.W, Suite 1100
Washington, D.C. 20036-5596
(202) 659-6500
*Attorneys for Defendants Patriot-BSP City Center II, LLC, Patriot-BSP City Center III, LLC, and Patriot-BSP City Center IV, LLC*

Dated: May 21, 2010

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Dismiss and the Statement of Points and Authorities filed herewith were served this 21st day of May, 2010 via the Court's electronic filing system upon the following counsel:

M. Roy Goldberg, Esq.
Sheppard Mullin Richter & Hampton LLP
1300 I Street, NW
11th Floor-East
Washington, DC 20005

/s/ Benny L. Kass
Benny L. Kass, Esq.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | : | C.A. No. 1:10-cv-00678-HHK |
| Plaintiff, | : | Hon. Henry H. Kennedy |
| v. | : | |
| PATRIOT-BSP CITY CENTER II, LLC, PATRIOT-BSP CITY CENTER III, LLC, and PATRIOT-BSP CITY CENTER IV, LLC c/o Patriot Equities, LP 1200 Liberty Ridge Drive, Suite 115 Wayne, Pennsylvania 19087, | : | |
| Defendants. | : | |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS DUE TO LACK OF SUBJECT MATTER JURISDICTION**

Defendants Patriot-BSP City Center II, LLC, Patriot-BSP City Center III, LLC, and Patriot-BSP City Center IV, LLC, through undersigned counsel, respectfully submit this Statement of Points and Authorities in support of their Motion to Dismiss plaintiff's Verified Complaint and Petition for Appointment of a Receiver (the "Complaint") pursuant to Fed.R.Civ.P. 12(b)(1).

**I.      INTRODUCTION**

Plaintiff filed this action, which asserts no claims arising under federal law, in United States District Court, purporting to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff has failed properly to allege both its own citizenship and that of each of the defendants. Because the Court is presumed, as a matter of law, to lack subject-matter jurisdiction over plaintiff's claims, and because no well-pleaded facts set forth in the Complaint

3

tend to negate such presumption, the Court must dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6), and 12(h)(3).

Moreover, each of the defendants is a limited liability company, which, as a matter of law, is ascribed the citizenship of each of its members. Each of the three defendants is owned by a fourth limited liability company which, in turn, is 89% owned by a fifth limited liability company which, in turn, is 96% owned by an arm of the state of California. Because the state of California owns more than 85% of each defendant and, as such, is the real party in interest in this action, and because the state of California is not a citizen of any state, this is not an action between citizens of different states (within the meaning of the diversity jurisdiction statute). The action must accordingly be dismissed for lack of subject-matter jurisdiction.

## II.     STATEMENT OF FACTS

Plaintiff alleges that it is a "national banking association organized under the laws of the United States of America, with its headquarters located in Cincinnati, Ohio and its principal place of business in Minneapolis, Minnesota." Complaint, ¶4. Plaintiff alleges that each defendant in this action "is a Delaware limited liability company and, upon information and belief, has its principal place of business in Pennsylvania." *Id.*, ¶¶5-7. The Complaint contains no allegations regarding the identity, domicile, place of residence, or citizenship of any member of any of the three defendant limited liability companies. Nor does the Complaint assert any claims arising under the Constitution, laws, or treaties of the United States (within the meaning of 28 U.S.C. § 1331). Plaintiff asserts that this Court "has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship . . ." *Id.*, ¶8.

The sole member of each defendant is Patriot-BSP City Center Holdings, LLC ("PBCC Holdings"), a Delaware limited liability company. *See* Defendants' Limited Liability Company Agreements, true and correct copies of which are attached hereto as Exhibits A, B, and C. The

sole members of PBCC Holdings, in turn, are Patriot City Center Associates, LP ("PCCA"), a Pennsylvania limited partnership, and Buchanan Urban Investors II, LLC ("BUI II"), a California limited liability company.  *See* PBCC Holdings' Limited Liability Company Agreement, a true and correct copy of which is attached hereto as Exhibit D.

PCCA's sole general partner is Patriot City Center, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania.  *See* PCCA's Agreement of Limited Partnership, a true and correct copy of which is attached hereto as Exhibit E, at 1 and 29.  Each and every limited partner of PCCA is a natural person and a citizen and domiciliary of Pennsylvania.  *See id* at 29.

BUI II's members are Buchanan Street Advisors, LP ("BSA"), a California limited partnership, Buchanan Investors II, LP ("BI II"), a Delaware limited partnership, and the State of California Public Employees' Retirement System ("CalPERS"), a unit of the State and Consumer Services Agency of the State of California.  *See* Fourth Amendment to BUI II's Limited Liability Company Agreement, a true and correct copy of which is attached hereto as Exhibit F.  Through BUI II and PBCC Holdings, CalPERS indirectly owns an **85.44%** beneficial interest in each of the defendant limited liability companies.  *See id.*, § 3 (reaffirming CalPERS' 96% ownership interest in BUI II); PBCC Holdings Limited Liability Company Agreement (Exhibit D hereto), at 10 (noting BUI II's 89% ownership interest in PBCC Holdings).

BSA's sole general partner is Buchanan Street Partners, Inc., a California corporation with its principal place of business in California.  *See* Amendment to BSA's Amended and Restated Agreement of Limited Partnership, a true and correct copy of which is attached hereto as Exhibit G.  BSA's sole limited partners are Buchanan Co-Investors, LLC ("BCI"), a Delaware limited liability company, The Robert S. Brunswick and Kathleen J. Brunswick Revocable

Family Trust dated January 28, 2000 (the "Brunswick Trust"), and The Timothy and Wendy Ballard Revocable Family Trust dated January 28, 2000 (the "Ballard Trust"). *See id.* Plaintiff has not pleaded, and defendants are not aware of, the identity or citizenship of any member of BCI or any of BI II's limited partners. Nor did plaintiff plead or are defendants aware of the citizenship of the respective trustees of the Brunswick Trust or the Ballard Trust.

### III. STANDARD OF REVIEW

The Supreme Court of the United States has long held that "a plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction; and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment. " *Smith v. McCullough*, 270 U.S. 456, 459 (1926). The Court of Appeals for the D.C. Circuit has similarly held that:

> [a] federal court presumptively lacks jurisdiction in a proceeding until a party demonstrates that jurisdiction exists. A party must therefore affirmatively allege in his pleadings the facts showing the existence of jurisdiction, and the court must scrupulously observe the precise jurisdictional limits prescribed by Congress.

*Commodity Futures Trading Commission v. Nahas*, 738 F.2d 487, 492 n.9 (D.C. Cir. 1984); *see also Terry v. United States Small Business Administration*, 2010 U.S. Dist. Lexis 30077, *9 (D.D.C. Mar. 29, 2010) ("[u]nder Fed. R. Civ. P. 12(b)(1), . . . a plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction").

"In reviewing a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all of the factual allegations set forth in the Complaint; however, such allegations 'will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim.'" *Kittner v. Gates*, 2010 U.S. Dist. Lexis 41796, *13–14 (D.D.C. Apr. 28, 2010). As this Court has noted, "a motion to dismiss for lack of subject matter jurisdiction

places on the plaintiff the 'burden of establishing that jurisdiction is proper,' unlike a motion to dismiss for failure to state a claim, in which the Court must construe all reasonable inferences in the plaintiff's favor." *Debt Buyers' Ass'n v. Snow*, 481 F. Supp. 2d 1, 8 (D.D.C. 2006). Although the Court is required to accept as true the factual averments in the Complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### IV.   ARGUMENT

#### A. THE COMPLAINT FAILS TO AFFIRMATIVELY AND DISTINCTLY ALLEGE ANY WELL-PLEADED FACTS DEMONSTRATING THIS COURT'S SUBJECT-MATTER JURISDICTION

It is axiomatic that a federal court may not exercise subject-matter jurisdiction over a dispute under 28 U.S.C. § 1332 unless there is "complete diversity" of citizenship among the parties. That is, diversity jurisdiction is not available if any party to an action has the same citizenship as any adverse party. *See, e.g., Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("[d]iversity must be complete; no plaintiff may be a citizen of the same jurisdiction as any defendant").

As set forth above, this Court of limited jurisdiction is presumed, as a matter of law, to lack subject-matter jurisdiction over an action unless and until the plaintiff demonstrates otherwise. *CFTC v. Nahas,* 738 F.2d at 492 n.9. It is plaintiff's burden to "show in his pleading, affirmatively and distinctly," that complete diversity exists. *Smith*, 270 U.S. at 459; *see also* Fed.R.Civ.P. 8(a) ("A pleading that states a claim for relief must contain: (1) a . . . statement of the grounds for the court's jurisdiction"). Because plaintiff has not done so, this action must be dismissed. *See id*.; *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Plaintiff's sole allegations concerning the citizenship of the parties to this action are contained in paragraphs 4 through 7 of the Complaint. Plaintiff alleges that it is a national banking association organized under the laws of the United States of America, that its headquarters are located in the state of Ohio, and that its principal place of business is located in the state of Minnesota. Complaint, ¶4. Plaintiff alleges that each defendant in this action "is a Delaware limited liability company and, upon information and belief, has its principal place of business in Pennsylvania." *Id.*, ¶¶5-7.

### 1. Plaintiff Did Not Properly Plead Its Own Citizenship

For purposes of the Diversity Jurisdiction statute, 28 U.S.C. § 1332, "[a]ll national banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has interpreted this to mean that a national banking association is a citizen of the "State designated in its articles of association as its main office." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006).

Nowhere in its Complaint does plaintiff identify which state is designated in its articles of association as its "main office." Instead, confusingly, plaintiff asserts that its headquarters is located in the state of Ohio, and that its principal place of business is in the state of Minnesota. Complaint, ¶4. Plaintiff has not alleged whether the *main office designated in its articles of association* is in Ohio, Minnesota, or any other state. Given the national scope of plaintiff's operations, which include offices in California and Illinois, there are simply no facts pleaded in the Complaint from which the Court can draw any conclusions as to plaintiff's citizenship for diversity purposes. The Complaint must accordingly be dismissed. *See, e.g., Pair v. Bank of America, N.A.*, 2008 U.S. Dist. Lexis 97425, *1–2 (D.D.C. Oct. 10, 2008) (dismissing complaint because "'national banking associations [are] deemed citizens of . . . the State designated in [the

bank's] articles of association as its main office.'  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  Failure to plead such facts requires dismissal of the action." (citations omitted)).

## 2.  Plaintiff Has Failed Properly to Plead Defendants' Citizenship

Likewise, Plaintiff has utterly failed to plead any facts from which the Court can draw any conclusions as to any of the defendants' citizenship for diversity purposes.  Plaintiff alleges that each defendant is a limited liability company, and then makes irrelevant assertions as to each defendant's state of incorporation and principal place of business.  Complaint, ¶¶5-7.  Plaintiff makes no other effort to identify the citizenship of any defendant.

This Court has long held that "non-corporate entities" – including limited liability companies and limited partnerships – "are analogized to partnerships, which carry the citizenship of their members."  *Johnson-Brown v. 2200 M Street LLC*, 257 F. Supp. 2d 175, 178 (D.D.C. 2003) (*citing Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).  *See also Shulman v. Voyou, LLC*, 305 F. Supp. 2d 36, 39 (D.D.C. 2004) (same); *Ulliman Schutte Constr., LLC v. Emerson Process Mgmt. Power & Water Solutions*, 2006 U.S. Dist. Lexis 14897, *15 (D.D.C. Mar. 31, 2006) ("the citizenship of each member of an LLC counts for diversity purposes").

Indeed, one District Court (in a decision relied upon by this Court in *Johnson-Brown*) has gone so far as to state that "the place of organization and principal place of business of a limited liability company are ***irrelevant***, for the relevant citizenship as to a limited liability company is essentially equivalent to . . . the state or states of citizenship of each [of its] member[s]." *Trowbridge v. Dimitri's 50's Diner L.L.C.*, 208 F. Supp. 2d 908, 910 (N.D. Ill. 2002) (emphasis added).  Because the defendants' respective states of organization and principal places of business – which are "irrelevant" to diversity jurisdiction – are the only information pleaded

concerning defendants' citizenship, there is simply no basis for this Court to conclude that it may assert jurisdiction over this action.  The Complaint must accordingly be dismissed.

## B. THIS IS NOT AN ACTION BETWEEN CITIZENS OF DIFFERENT STATES

As set forth above, partnerships and limited liability companies carry the citizenship of each of their partners or members.  Accordingly, the Court must examine the citizenship of each member of the defendant limited liability companies in order to determine defendants' citizenship.  Where a member of a limited liability company is itself a partnership or limited liability company, the Court must examine the citizenship of each partner or member of such member, and so on, until the citizenship of all parties in interest has been identified.  *See, e.g, Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("the citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC"); *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (same).

As set forth above, the sole member of each defendant is PBCC Holdings, a Delaware limited liability company, the sole members of which are PCCA, a Pennsylvania limited partnership, and BUI II, a California Limited Liability Company.

PCCA's sole general partner is Patriot City Center, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania.  A corporation is a citizen of the state of its incorporation and of its principal place of business.  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010) (holding that a corporation's "nerve center" is its principal place of business).  Patriot City Center, Inc. is thus a citizen of Pennsylvania.  Each and every limited partner of PCCA is a natural person and a citizen and domiciliary of Pennsylvania.  PCCA, therefore, is a citizen of Pennsylvania.

BUI II's members are BSA, a California limited partnership, BI II, a Delaware limited partnership, and CalPERS, a unit of the State and Consumer Services Agency of the State of California. Through BUI II and PBCC Holdings, CalPERS indirectly owns an **85.44%** beneficial interest in each of the defendant limited liability companies.

BSA's sole general partner is Buchanan Street Partners, Inc., a California corporation with its principal place of business in California (and, thus, a California citizen). *See* 28 U.S.C. § 1332(c)(1); *Hertz*, 130 S. Ct. at 1192. BSA's sole limited partners are BCI, a Delaware limited liability company, the Brunswick Trust, and the Ballard Trust. For purposes of diversity jurisdiction, a trust is a citizen of the state(s) of which each of its trustees is a citizen. *See Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 462 (1980). Here, however, plaintiff has not pleaded, and defendants are not aware of, the identity or citizenship of any member of BCI or any of BI II's limited partners. Nor did plaintiff plead or are defendants aware of the citizenship of the respective trustees of the Brunswick Trust or the Ballard Trust. In the absence of any evidence concerning the citizenship of such persons and entities, the presumption that the Court lacks subject-matter jurisdiction requires that the Complaint be dismissed. *Smith*, 270 U.S. at 459; *CFTC v. Nahas,* 738 F.2d at 492 n.9; *see also* Fed.R.Civ.P. 8(a).

As to the CalPERS interest in BUI II, the Supreme Court long has held that a state, or an "arm of the state," is not a "citizen" of any state within the meaning of 28 U.S.C. § 1332, and that federal courts therefore lack subject-matter jurisdiction to hear a diversity case in which a state or arm of the state is a party. *See, e.g., Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894) ("A state is not a citizen. . . . [A] suit between a state and a citizen . . . of another state is not between citizens of different states, and [a federal court] has no jurisdiction of it unless it arises under the Constitution, laws, or treaties of the United States."); *State Highway*

*Comm'n v. Utah Constr. Co.*, 278 U.S. 194, 199 (1929) (affirming holding that "the suit, in effect, is one against the State; a State is not a citizen under the Judiciary Acts; there is no diversity of citizenship; and no jurisdiction [because the] Commission was but the arm or *alter ego* of the State"); *Moor v. County of Alameda,* 411 U.S. 693, 717 (1973) ("a State is not a 'citizen' for purposes of the diversity jurisdiction. . . . [A] political subdivision of a State, unless it is simply 'the arm or *alter ego* of the State,' is a citizen of the State for diversity purposes").

Federal courts have consistently held that CalPERS is an arm of the State of California and is not a citizen of any state for purposes of federal diversity jurisdiction.  *See, e.g., CalPERS v. Moody's Corp.*, 2009 U.S. Dist. Lexis 110756, *17–18 (N.D. Cal. Nov. 10, 2009) (remanding to state court action brought by CalPERS, which defendants had removed to federal court, because "CalPERS is an arm of the state and therefore not a citizen of California for purposes of federal diversity jurisdiction. Although CalPERS may sue and be sued in its own name, and take property in its own name, the State has a financial interest in CalPERS' affairs, and it performs a central government function. . . .  In sum, this Court lacks diversity jurisdiction because the parties are not citizens of different states."); *CalPERS v. Stride Rite Children's Grp.*, No. 96-6558, slip op.[1] (S.D. Fla. Dec. 3, 1996) (holding that CalPERS is an arm of the state of California for purposes of diversity jurisdiction); *Retired Pub. Employees' Ass'n v. Calif.,* 614 F. Supp. 571, 581 (N.D. Cal. 1984) (finding lack of federal jurisdiction to hear "pendant state claim against the state and state officials and agencies" because defendants, including CalPERS, were immune from suit under Eleventh Amendment); *see also Missouri State Employees' Retirement Sys. v. Credit Suisse*, 2010 U.S. Dist. Lexis 4633 (W.D. Mo. Jan. 21, 2010) (reviewing decisions

---

[1]   A true and correct copy of this slip opinion is attached hereto as Exhibit H.

concerning non-citizenship of state employee pension funds, and finding lack of federal subject-matter jurisdiction in action to which Missouri's employee retirement system was a party).

CalPERS, which owns more than 85% of each defendant LLC, is the real party in interest in this action. *See State Highway Comm'n*, 278 U.S. at 200 (finding lack of diversity jurisdiction because state was "the real part[y] in interest"). Because CalPERS is an arm of the state of California, it is not a citizen of any state for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, this Court lacks subject-matter jurisdiction over this action and must dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3).

## V. CONCLUSION

For all of the foregoing reasons, defendants Patriot-BSP City Center II, LLC, Patriot-BSP City Center III, LLC, and Patriot-BSP City Center IV, LLC respectfully request that plaintiff's Verified Complaint and Petition for Appointment of a Receiver be dismissed in its entirety.

    Respectfully submitted,

    **KASS, MITEK & KASS, PLLC**

    BY: /s/ Benny L. Kass
    Benny L. Kass, Esq. (D.C. Bar No. 025155)
    1050 Seventeenth Street, N.W, Suite 1100
    Washington, D.C. 20036-5596
    (202) 659-6500
    *Attorneys for Defendants Patriot-BSP City Center II, LLC, Patriot-BSP City Center III, LLC, and Patriot-BSP City Center IV, LLC*

Dated: May 21, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, : | C.A. No. 1:10-cv-00678-HHK |
| Plaintiff, : | Hon. Henry H. Kennedy |
| v. : | |
| PATRIOT-BSP CITY CENTER II, LLC, *et al.,* : | |
| Defendants. : | |

### **ORDER**

AND NOW, this ___ day of _____, 2010, upon consideration of defendants' Motion to Dismiss Due to Lack of Subject-Matter Jurisdiction, all papers submitted in support thereof and in opposition thereto, and GOOD CAUSE APPEARING THEREFOR, it is hereby

ORDERED and DECREED that said motion be and hereby is GRANTED and, further, that plaintiff's Verified Complaint and Petition for Appointment of a Receiver be and hereby is dismissed.

BY THE COURT:

_____
Hon. Henry H. Kennedy, U.S.D.J.

Copies to:

Benny L. Kass, Esq.
Kass, Mitek & Kass, PLLC
1050 Seventeenth Street
Suite 1100
Washington, D.C. 20036-5596

M. Roy Goldberg, Esq.
Sheppard Mullin Richter & Hampton LLP
1300 I Street, NW
11th Floor-East
Washington, DC 20005