**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY PHILLIPS and BRENDA PHILLIPS, husband and wife and HAROLD ROBERTSON and KIM PICARD, husband and wife, <br><br> Plaintiffs <br> vs. <br> RECKITT BENCKISER, INC.; JAMES LEONARD; STATE OF CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, CalEast INDUSTRIAL INVESTORS, L.L.C., GENCO DISTRIBUTION SYSTEM, INC.; TRAMMEL CROW COMPANY, SUPPORT SOLUTIONS, INC., <br><br> Defendants | 1:CV-03-2120 <br><br> HON. SYLVIA H. RAMBO <br><br> ELECTRONICALLY FILED <br><br> **JURY TRIAL DEMANDED** |
| CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, CALEAST INDUSTRIAL INVESTORS, LLC., and TRAMMELL CROW SERVICES, INC. <br><br> Third Party Plaintiffs <br><br> v. <br><br> CUMBERLAND PARTNERS WESTPORT, a Pennsylvania limited partnership; CONEWAGO CONTRACTORS, INC., a Pennsylvania corporation; CUMBERLAND DISTRIBUTION SERVICES COMPANY, INC., a foreign corporation. <br><br> Third Party Defendants | |

**THIRD PARTY COMPLAINT OF DEFENDANTS
CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM,
CALEAST INDUSTRIAL INVESTORS, LLC, AND
TRAMMELL CROW SERVICES, INC.**

1

Defendants State of California Public Employees' Retirement System ("CalPERS"), CalEast Industrial Investors, LLC ("CalEast"), and Trammell Crow Services, Inc., as successor by merger to Trammell Crow Real Estate Services, Inc. ("Trammell") each allege this Third Party Complaint against CUMBERLAND PARTNERS WESTPORT, a Pennsylvania limited partnership ("CPW") ; CONEWAGO CONTRACTORS, INC. ("Conewago"), a Pennsylvania corporation; CUMBERLAND DISTRIBUTION SERVICES COMPANY, INC., a foreign corporation ("CDS"), as follows:

1. Plaintiffs in this action are Harry Phillips and Brenda Phillips, husband and wife, and Harold Robertson and Kim Picard, husband and wife. A copy of the Complaint filed by Plaintiffs in this action is attached as Exhibit "A" for reference purposes only, and without admission or adoption by these Third Party Plaintiffs as to any allegation set forth in such Complaint.

2. Third Party Plaintiffs are original Defendants in such Complaint. CalPERS is an independent administrative agency existing under the laws of the State of California with its principal place of business at Sacramento, California. CalEast is a foreign limited liability company existing under the laws of the State of California with its principal place of business at Columbus, Ohio. Trammell is a Delaware corporation, with its principal place of business at Dallas, Texas.

3. CPW, on information and belief, is a Pennsylvania limited partnership, with its principal place of business located at Mechanicsburg, Pennsylvania.

4. Conewago, on information and belief, is a Pennsylvania corporation with its principal place of business at 660 Edgegrove Road, Hanover, Pennsylvania.

5. CDS, on information and belief, is a foreign corporation, with its principal place of business located in Maryland, and with offices in Pennsylvania.

6. Federal jurisdiction in this matter is based on diversity of citizenship pursuant to 28 U.S.C. section 1332.

7. Third Party Defendants, and each of them, at all material times, acted as the agent of each other. Upon information and belief, at all material times, CDS was the general partner of CPW.

8. Third Party Plaintiffs, on February 20, 2004, filed an Answer and Affirmative Defenses and Cross-claims, a copy of which is attached as Exhibit "B", in which answer Third Party Plaintiffs denied that they were in any way liable to Plaintiffs.

9. On or about July 28, 1993, CDS entered into a lease with Reckitt & Colman, Inc. (now Defendant Reckitt Benckiser, Inc.) for the lease of the property and future facility located at 4501 Westport Drive, Mechanicsburg, Pennsylvania, with the term of the lease to commence after construction of a purpose-built distribution facility specifically constructed for the use and needs of Reckitt Benckiser, Inc. ("Facility"), which such Facility is the subject of Plaintiffs' allegations set forth in the Complaint, and which such lease is set forth and attached to Exhibit "B" ("Lease").

10. At the time the Lease was executed, CPW was the owner of the property at 4501 Westport Drive, Mechanicsburg, Pennsylvania.

11. On or about February 23, 1994, a purchase and sale agreement ("Agreement")was entered into between CPW and Prudential Insurance Company of America ("Prudential"), in which CPW proposed to develop the land and complete

improvements consisting of the Facility, which such land and completed improvements were thereafter sold to Prudential.

10.     CPW retained a general contractor, Conewago, upon information and belief, under a contract dated on or about January 27, 1994, to construct the Facility, and thereafter Conewago undertook and completed such construction. Upon information and belief, the warranties and benefits, including any indemnity provision, have been assigned and inure to the benefit of each Third Party Plaintiff.

11.     Upon information and belief CDS provided development, construction or other services with respect to the Facility. Upon information and belief, CPW, CDS and/or Conewago, or its agents, servants or representatives, prepared plans, specifications, drawings and other construction documents with respect to the Facility, and otherwise provided construction or other services with respect to the design and construction of the Facility. Such plans and other documents were attached as Exhibits to the Agreement.

12.     On or about March 14, 1995, a certificate of substantial completion was issued for the Facility.

13.     On or about March 15, 1994, such land and the Facility were sold by Prudential to CalPERS, assigned the benefits of the Agreement to CalPERS, which such benefits insure to CalPERS, CalEast and Trammell.

14.     Article 5, "Seller's Representations and Warranties" of the Agreement provides, in part:

> Seller [CPW] hereby makes the following representations and warranties to Buyer [Prudential] with the understanding that each such representation and warranty is material and is being relied upon by Buyer:

> 5.1. <u>Defects</u>. All portions of the Improvements will be constructed and installed in a good and workmanlike manner, in accordance with the Plans . . . and as of the Closing Date will not require any repair or replacement, and all portions of the Improvements will be constructed free from material defects in workmanship or materials. . . .
> . . .
> 5.3. <u>Compliance</u>. From the Effective Date until the Closing Date the Property, and the operation thereof, are and shall be in compliance with all applicable laws, ordinances, rules, regulations, judgments, orders, covenants, conditions, restrictions, whether federal, state or local . . .
> . . .
> 5.19. <u>Misstatements and Omissions.</u> Neither the representations and warranties made by Seller in this Article 5 nor elsewhere in this Agreement shall contain any untrue statement of a material fact or omit to state any material fact necessary to make the statements contained in this Agreement not misleading.
> . . .

15. Article 7, "Survival of Representation and Warranties and Indemnification", of the Agreement provides, in part, as follows:

> 7.1. <u>Survival of Warranties/Reaffirmation.</u> . . . The representations and warranties of Seller . . . set forth in Articles 5 . . . above are true and correct as of the date of this Agreement . . . Each party shall be entitled to rely upon those representations and warranties, notwithstanding any inspection or investigation of the Property which was made or could have been made by such party.
> . . .
> 7.3. <u>Indemnification</u>. Seller's [CPW] obligations pursuant to this Section 7.3 shall survive the Closing. Seller at its sole cost and expense hereby agrees to indemnify, defend (with counsel acceptable to Buyer), protect and hold harmless Buyer, and successors to Buyer's interest in the Property and their respective directors, officers, employees and agents from and against any and all claims, demands, losses, damages, liabilities, fines, penalties, charges, administrative and judicial proceedings and orders, judgments, . . and all costs and expenses incurred in connection therewith, including, without

limitation, actual attorneys' fees and costs of defense and costs and expenses of all experts and consultants (collectively the "Losses"), arising directly or indirectly, in whole or in part, out of any one or more of the following which result from the acts of the Seller [CPW], its officers, employees, agents, contractors, or invitees: . . . . The indemnity contained in this paragraph . . . shall further apply, without limitation, to: . . . (ii) all consequential damages; . . . (iv) liability for personal injury or property damage arising under any statutory or common-law tort theory . . . .

16. The Agreement provides, in part, as follows:

10.7. <u>Confidentiality and Publicity.</u> The parties shall at all times keep this transaction and any documents received from each other confidential, except to the extent necessary to (a) comply with applicable laws and regulations, or (b) carry out the obligations set forth in this Agreement. Any such disclosure to third parties shall indicate that the information is confidential and should be so treated by the third party. No press release or other public disclosure shall be made by Seller or any of its agents concerning this transaction without the prior written consent of Buyer.

. . .

10.10. <u>Assignment.</u> This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns, without limiting the foregoing, Buyer is entitled to assign its interest in this Agreement to any assignee of its choice, including without limitation the State of California Public Employees' Retirement System.

. . .

10.14. <u>Remedies Cumulative.</u> The remedies set forth in this Agreement are cumulative and not exclusive to any other legal or equitable remedy available to a party.

17. Due to the confidentiality provision set forth above, Third Party Plaintiffs have not attached a copy of the Agreement. Third Party Plaintiffs reserve the right to amend, supplement, modify, or otherwise incorporate by reference any and all documents, including the Agreement, as may be necessary to obtain the benefits of the Agreement.

## COUNT I
### Against all Third Party Defendants for Negligence

18. These Third Party Plaintiffs incorporate by reference its averments set forth in Paragraphs 1 through 17, inclusive, as though the same were set forth here.

19. The Agreement specifically contemplated that CalPERS and its agents would succeed to the benefits and ownership of the Facility.

20. Third Party Defendants, and each of them, owed Third Party Plaintiffs, and each of them, a duty to develop and construct the Facility consistent with the level of skill and care reasonably expected of developers and contractors under the circumstances.

21. With respect to the allegations of the Complaint, which such allegations are incorporated here for reference only, and without admission, Third Party Defendants, and each of them, are negligent and careless, and each failed to develop and construct the Facility consistent with the level of skill and care reasonably expected of developers and contractors under the circumstances.

22. As a result of such negligence, Third Party Plaintiffs, and each of them, have been injured, including but not limited to attorneys fees, costs, and other damages incurred as a result of the allegations set forth in the Complaint in this action, as may be proved at the time of trial.

WHEREFORE, Third Party Plaintiffs, and each of them, request that judgment be entered in their favor and against Third Party Defendants, and each of them for all sums incurred arising from the Complaint, this Third Party Complaint, including but not limited to an award of all attorneys fees and costs, interest, and such other sums as may be proper, incurred in the defense of this action, or incurred with respect to the Third Party Complaint.

## COUNT II
### Against All Third Party Defendants for Contribution and/or Indemnification

23. These Third Party Plaintiffs incorporate by reference its averments set forth in Paragraphs 1 through 22, inclusive, as though the same were set forth here.

24. If Plaintiffs' claims set forth in the Complaint are true, which is expressly denied, any such claims, injuries or damages were caused solely by the negligence, carelessness, and/or other conduct, acts, or omissions of Third Party Defendants, and each of them

25. If Third Party Plaintiffs are found liable to Plaintiffs, which such liability is expressly denied, Third Party Defendants, and each of them, are liable to these Third Party Plaintiffs for contribution and/or indemnification.

WHEREFORE, Third Party Plaintiffs, and each of them, request that judgment be entered in their favor and against Third Party Defendants, and each of them for all sums incurred arising from the Complaint, this Third Party Complaint, including but not limited to an award of all attorneys fees and costs, interest, and such other sums as may be proper, incurred in the defense of this action, or incurred with respect to the Third Party Complaint.

## COUNT III
### Against Third Party Defendants for Contractual Indemnification

26. These Third Party Plaintiffs incorporate by reference its averments set forth in Paragraphs 1 through 25, inclusive, as though the same were set forth here.

27. If Plaintiffs' claims set forth in the Complaint are true, which is expressly denied, any such claims, injuries or damages were caused, in whole or in part, by Third

Party Defendants, other original Defendants, Plaintiffs, or others, all of which require the complete and full indemnification of Third Party Plaintiffs, and each of them, with respect to all claims and/or damages set forth in the Complaint, and with respect to all attorneys fees and costs incurred as a result of this action or Third Party Complaint

WHEREFORE, Third Party Plaintiffs, and each of them, request that judgment be entered in their favor and against Third Party Defendants, and each of them for all sums incurred arising from the Complaint, this Third Party Complaint, including but not limited to an award of all attorneys fees and costs, interest, and such other sums as may be proper, incurred in the defense of this action, or incurred with respect to the Third Party Complaint.

## COUNT IV
### Against Third Party Defendants for Declaratory Judgment

28. These Third Party Plaintiffs incorporate by reference its averments set forth in Paragraphs 1 through 27, inclusive, as though the same were set forth here.

29. There is a present and justiciable controversy, as Third Party Plaintiffs, and each of them, allege that Third Party Defendants, and each of them, have the present duty to fully indemnity and defend with respect to Plaintiffs' claims set forth in the Complaint.

WHEREFORE, Third Party Plaintiffs, and each of them, request that judgment be entered in their favor and against Third Party Defendants, and each of them for all sums incurred arising from the Complaint, this Third Party Complaint, including but not limited to an award of all attorneys fees and costs, interest, and such other sums as may be proper, incurred in the defense of this action, or incurred with respect to the Third Party Complaint.

9

## DEMAND FOR JURY TRIAL

These Third Party Plaintiffs each demand a jury trial.

                                          Respectfully submitted,
                                          **THOMAS, THOMAS & HAFER, LLP**

by:    /s/ Paul R. Walker
        James K. Thomas, II, Esquire
        Paul R. Walker, Esquire
        I.D. Nos. 15613/88714
        305 North Front Street, 6th Floor

Date: March 1, 2004                Harrisburg, PA  17108-0999
280944.1                              (717) 237-7100 (phone)
                                      (717) 237-7105 (fax)
                                      jthomas@tthlaw.com
                                      pwalker@tthlaw.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY PHILLIPS and BRENDA PHILLIPS, husband and wife and HAROLD ROBERTSON and KIM PICARD, husband and wife,<br>Plaintiffs<br>vs.<br>RECKITT BENCKISER, INC., a foreign corporation, formerly known as Reckitt Colman, Inc.; JAMES LEONARD; STATE OF CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, an independent agency existing under the laws of California; CalEast INDUSTRIAL INVESTORS, L.L.C., a foreign limited liability company; GENCO DISTRIBUTION SYSTEM, INC., a Pennsylvania corporation; TRAMMEL CROW COMPANY, a foreign corporation; SUPPORT SOLUTIONS, INC., a Pennsylvania corporation,<br>Defendants | 1:CV-03-2120<br><br>JUDGE RAMBO<br><br>ELECTRONICALLY FILED<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

AND NOW, this 1st day of March, 2004 I, Paul R. Walker, of the law firm of Thomas, Thomas & Hafer, LLP, hereby certify that a true and correct copy of the foregoing document was sent to the following via electronic mailing:

Stephen Barcavage, Esquire
**MARSHALL, DENNEHEY, WARNER, CORNWALL, COLEMAN & GOGGIN**
4200 Crums Mill Road, Suite B
Harrisburg, PA 17112

Fred B. Buck, Esquire
**Rawle & Henderson, LLP**
The Widener Building
One South Penn Square
Philadelphia, PA 19107

John W. Dornberger, Esquire
John R. Canavan, Esquire
**Post & Schell**
240 Grandview Avenue
Camp Hill, PA 17011

11

Michael J. Plevyak, Esquire
**White and Williams LLP**
1500 Lancaster Avenue
Paoli, PA 19301-1500

and to the following via first class mail:

Mark C. Cavanaugh, Esq.
John D. Brinkmann, Esq.
**Dugan, Brinkmann, Maginnis and Pace**
1880 John F. Kennedy Boulevard, Suite 1400
Philadelphia, PA 19103

Eric A. Schultz
27243 Fordham Drive
Wesley Chapel, FL 33543

          Respectfully submitted,
          **THOMAS, THOMAS & HAFER, LLP**

by: /s/ Paul R. Walker
James K. Thomas, II, Esquire
Paul R. Walker, Esquire
I.D. Nos. 15613/88714
305 North Front Street, 6th Floor
Harrisburg, PA 17108-0999
(717) 255-7617 (phone)
(717) 237-7105 (fax)
pwalker@tthlaw.com

280944.1