# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-0678 (RMU) |
| | : | | |
| v. | : | | |
| | : | | |
| PATRIOT-BSP CITY CENTER II, LLC *et al.*, | : | | |
| | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DISMISSING THIS ACTION WITHOUT PREJUDICE

In a September 20, 2010 memorandum opinion, the court observed that the plaintiff had not established the court's subject matter jurisdiction over this matter. Mem. Op. (Sept. 20, 2010) at 10-13. Specifically, the court observed that although the plaintiff asserted that the court had diversity jurisdiction over his claims pursuant to 28 U.S.C. § 1332, "the plaintiff ha[d] not demonstrated the complete diversity of citizenship of the parties, as required for jurisdiction under 28 U.S.C. § 1332." *Id.* at 13. The court then proceeded to consider the merits of the plaintiff's then-pending receivership motion because it was possible that the plaintiff could "establish the court's subject matter jurisdiction by obtaining leave to amend the operative complaint." *Id.*

In the following weeks, however, the plaintiff did not seek leave to amend its complaint. Accordingly, at the defendants' request, the court issued an order on November 16, 2010 directing the plaintiff to show cause why the matter should not be dismissed for lack of subject matter jurisdiction. Minute Order (Nov. 16, 2010).

On November 24, 2010, the plaintiff filed its response to the court's order to show cause. *See generally* Pl.'s Response to Order to Show Cause. The response does not address the jurisdictional deficiencies identified in the court's September 20, 2010 ruling. *See generally id.* Instead, the plaintiff notes that it and the defendants are also parties to a related action before this court and that it intends to seek leave to amend its pleading in the related action to incorporate the claims it asserted here. *Id.* at 1. For these reasons, the plaintiff "agrees to a dismissal of this action without prejudice." *Id.* at 2.

Because the plaintiff has not remedied the jurisdictional deficiencies identified in the court's prior ruling, the court concludes that the plaintiff has not established the court's subject matter jurisdiction over this action. *See* Mem. Op. (Sept. 20, 2010) at 10-13; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (observing that the plaintiff bears the burden of establishing that the court has subject matter jurisdiction). The court further concludes that dismissal without prejudice is the appropriate result. *See, e.g.*, *Moore v. Spring Wash. D.C. Express*, 2010 WL 2026658, at *1 (D.D.C. May 19, 2010) (dismissing the complaint without prejudice based on the plaintiff's failure to establish the parties' diversity of citizenship).

Accordingly, the court dismisses the plaintiff's complaint without prejudice. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 2nd day of December, 2010.

    RICARDO M. URBINA
    United States District Judge